UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROSE O. AKINFADERIN-ABUA,**  **Plaintiff,**  v.  **TERRANCE R. DOLAN and U.S. BANK NATIONAL ASSOCIATION, a subsidiary of U.S. BANCORP,**  **Defendants.** | Civ. No. 19-9108 (KM) (MAH)  **OPINION** |

This matter arises from a state-court mortgage foreclosure, in which a final judgment was entered. It comes before the court on the motion of the defendants to dismiss the complaint for lack of jurisdiction and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (DE 11) For the reasons stated herein, the motion is granted.

### I. Procedural History

The state mortgage foreclosure action, filed in New Jersey Superior Court, resulted in a final judgment of foreclosure, filed on September 6, 2018. (DE11-7)

This action was filed on March 28, 2019. The operative language of the complaint reads, in its entirety, as follows:

> Under Seal
>
> Jurisdiction: a special cause arising under the constitution of the United States and laws of the United States original Judiciary act of 1789 (1 Stat. 73) original exclusive jurisdiction of equity and co-ordinate and co-extensive to the forms, practice, mode and procedure of the federal equity rules of the United States 1912 and Supreme Court of the United States rule 48-2
>
> Chancery Division Original Jurisdiction

1

Dear Clerk:

The suit included herewith is a special cause relating to evidence and documents of a private proprietary and confidential nature. I request the following special requirements by this honorable be met in order to protect and preserve the ends of justice and the rights and interests of parties to this Suit.

1) Grant Suitor leave of the court to enter into the exclusive original jurisdiction of equity.

2) Seal the cause on the register in Chancery

3) Comment and proceed under seal ex parte

4) Assign judge under authority of article IV, § 2, subd. 1 of the Constitution of the United States of America[1]

5)  Schedule evidentiary hearing with judge in private chambers to enter private, proprietary evidence in support of the suit[]

6) That the honorable court grant an immediate review determination

7) Issue process in the form of this court's subpoena

The suit to be specially deposited on the record are included herewith as follows

1) To enter into the Original exclusive jurisdiction of this court- to seal, ex parte

2) Original bill

Please contact me if I may be of any help to you and your staff. Your prompt attention in this matter is greatly appreciated and I thank you in advance for your service in this cause.

Yours truly, [etc.]

(DE 1)

The complaint was accompanied by a sealed application for a temporary restraining order (TRO), with exhibits. (DE 2) The sense of the application was

---

[1] "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

that the defendants should be "restrained from proceeding further" in the mortgage foreclosure action. (Later, in her proposed discovery plan, the plaintiff described this as an "Action to clear any alleged claims against Petitioners property." (DE 15 at 2 ¶ 2))

The attachments to the TRO appear to be aimed at placing the mortgaged property into a trust, in the evident belief that this would invalidate a foreclosure or sheriff's sale. Exhibit A is a "Notice of Deed of Acknowledgement and Acceptance Without Consideration." In it, Ms. Akinfaderin states that her names are "fictitious," that her birth was somehow legally equated to death, and that the State is seeking to administer her "estate" as a "deceased infant." (DE 2-1) Exhibit B is a filing with the Minnesota Secretary of State registering an "assumed name" of Rose Akinfaderin. (DE 2-2) Exhibit C is an Allonge and declaration of private business trust. It post-dates the final judgment in the foreclosure action. (Again, it invokes the theory that her "estate" is somehow separate from her as a person.) Exhibit D purports to be an appointment of trustees of a private business trust. It is dated December 26, 2018, sent to the attorneys for plaintiffs in the foreclosure action, and signed by Ms. Akinfaderin as "nondomestic, noncommercial, nonresident." The "trust res" is said to consist of the foreclosure action, or the assets in the foreclosure action. (DE 2-4) Exhibit E is a "tender" of one dollar, proffered by Ms. Akinfaderin as "heir" to her own estate, and sent to U.S. Bank to "extinguish" the foreclosure claim. (DE 2-5) Exhibit F is a similar "tender" to the clerk of the state court, as well as the sheriff. It attaches, *inter alia,* a copy of the final judgment in the foreclosure action, with a stamp stating that it is "repented and rescinded." Apparently, it was accompanied by a dollar bill and a 1922 silver dollar. Letters from the clerk and sheriff, dated February 26 and 22, 2019, decline to accept the filing.

By order entered on March 29, 2019, I denied the TRO application. (DE 4) The body of that order reads, in its entirety, as follows:

**IT APPEARING** that the *pro se* plaintiff Rosa Akinfaderin has applied for a temporary restraining order (DE 2);[2] and the Court having reviewed Mr. Akinfaderin's submission without oral argument; and there being no proof of service, and no opposition having been received; and it appearing from the face of the papers that the Court lacks subject matter jurisdiction, and that there is no identifiable federal cause of action; and

**IT FURTHER APPEARING** that there is no likelihood of success warranting emergent relief because a final judgment of foreclosure has been entered in New Jersey Superior Court, Chancery Division on September 6, 2018 (DE 2-6); and the current application having been filed well thereafter, on March 28, 2019; and it appearing that the application seeks to "restrain" defendants "from further proceeding" in the Chancery Division (DE 2); and there therefore being no facial showing that this Court possesses subject matter jurisdiction to grant the relief requested under *Rooker-Feldman*, *see Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); and

**IT FURTHER APPEARING** that neither the Complaint (DE 1) nor the application (DE 2) sets forth a viable, intelligible federal law cause of action or states that there is complete diversity of citizenship between the parties, *see* 28 U.S.C. §§ 1331, 1332; and

**IT FURTHER APPEARING** that the application does not identify an emergency or describe any irreparable harm, and there being no statement, pursuant to Local Rule 65.1(a) as to why it is necessary to proceed other than by notice of motion;

and for good cause shown;

**IT IS,** this 29th day of March, 2019,

**ORDERED** that the Request for a Temporary Restraining Order (DE 2) is **DENIED**.

---

[2] A party seeking a temporary preliminary injunction must show: (1) a likelihood of success on the merits, (2) the prospect of irreparable harm, (3) that the harm would exceed harm to the opposing party, and (4) that the public interest favors relief. *Otsuka Pharm. Co. v. Torrent Pharm. Ltd., Inc.*, 2015 WL 1782653, at *6-7 (D.N.J. Apr. 16, 2015). [fn. in original]

The plaintiff filed an appeal to the United States Court of Appeals for the Third Circuit. By order dated August 15, 2019, the Court dismissed the appeal. (DE 12) The operative language of that Order reads as follows:

> Appellant seeks review of the District Court's order entered on April 1, 2019, denying her motion docketed as "Motion for Temporary Restraining Order." Because Appellant essentially sought relief in the form of a preliminary inunction rather than a temporary retraining order, we have jurisdiction to review the District Court's interlocutory order denying relief. See 28 U.S.C. § 1292(a)(1); Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010). We summarily affirm the District court's order for substantially the reasons stated by the District Court. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.
>
> By the Court,
> s/ Anthony J. Scirica
> Circuit Judge

(DE 12)

In the meantime, defendants had filed the motion to dismiss the complaint now pending before the court. (DE 11) Because the motion challenged the court's jurisdiction to hear the case, the Magistrate Judge stayed discovery. (DE 16) No response from the plaintiff was received.

Concerned that the motion briefing schedule might have been disrupted by the pendency of the appeal, on May 31, 2020, I entered an Order to Show Cause requiring the plaintiff to submit any response to the motion by April 20, 2020. The Order warned that if no response was received, the motion was subject to being treated as unopposed and granted. (DE 13) As of this writing, no response appears on the docket.

## II.   Discussion

The defendants have moved to dismiss the complaint for lack of subject matter jurisdiction. In addition, "because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). They have also moved to dismiss the complaint for

failure to state a claim. Because I find jurisdiction lacking, I do not reach most of the grounds asserted.

As noted in my order denying a TRO, affirmed by the Third Circuit, the complaint fails to state any basis for federal court jurisdiction.

The parties are not alleged to be of diverse citizenship. *See* 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

Nor is a federal-law claim or question stated. *See* 28 U.S.C. § 1331; *Phillips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127–128 (1974) (well-pleaded-complaint rule governs whether a case "arises under" federal law for purposes of § 1331). This complaint speaks in generalities about the U.S. Constitution or the equitable jurisdiction of the courts. It does not identify, factually or legally, any cause of action arising under federal law.

In light of the plaintiff's *pro se* status, I have reviewed not only the complaint, but the other documents that she has filed. These express eccentric legal theories by which the plaintiff seeks to avoid her status as mortgagor and thus undercut the basis of the state mortgage foreclosure action. These theories, to the extent they have any validity at all, would sound in state, not federal, law.[3]

---

[3]   In addition, these are matters that could have been, and perhaps were, asserted as defenses to the state mortgage foreclosure action. It appears that the state court considered and rejected Ms. Akinfaderin's contentions that the property is held by a trust of which she is both grantor and grantee. (DE 11-8) To the extent this action, which seeks to halt or undo the state mortgage foreclosure, is not jurisdictionally barred by the *Rooker-Feldman* doctrine, it would surely be barred by *res judicata* and the entire controversy doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman*); *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 885 (3d Cir. 1997) (entire controversy doctrine).

## CONCLUSION

For the reasons stated above, the motion to dismiss the complaint (DE 11) is GRANTED. An appropriate order accompanies this opinion.

Dated: April 23, 2020

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**